# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE GRAY, | Case No. 1:14-cv-02059-LJO-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| E. LONGCOR, | (Doc. 4) |
| Defendant. | |

Plaintiff Bernadette Gray, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 24, 2014. On January 5, 2015, the Court struck Plaintiff's unsigned complaint and ordered Plaintiff to file a signed complaint within thirty days. Fed. R. Civ. P. 11(a); Local Rule 131. Plaintiff was warned that if she failed to comply, this action would be dismissed, without prejudice, for failure to obey a court order. More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.[1]

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

---

[1] The order was re-served on February 6, 2015.

favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *Id.* (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. *Id.*  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. *Id.*  Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **April 8, 2015**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE